UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

ANTHONY CONNER, on his own behalf and
others similarly situated,

      Plaintiff,

v.                                                        CASE NO.

THE NIELSEN COMPANY (US), LLC,
NIELSEN HOLDINGS N.V., and XYZ ENTITIES 1-10,

      Defendants.

_____/

## COMPLAINT

1.     Plaintiff, ANTHONY CONNER (hereinafter referred to as "Plaintiff"), was an employee of Defendants, THE NIELSEN COMPANY (US), LLC, NIELSEN HOLDINGS N.V., and their divisions, subsidiaries and affiliates, however constituted, including but not limited to XYZ ENTITIES 1-10, all doing business throughout Florida, including in Pinellas County within the jurisdiction of this Court, and throughout the United States (collectively as "Defendants"), and brings this action on behalf of himself and other current and former employees of Defendants similarly situated to him for overtime compensation and other relief under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §216(b).

2.     In multiple work weeks between approximately July 2007 and May 2013, Plaintiff worked for Defendants as a non-exempt "Field Representative," a/k/a "Field Service Representative," at multiple locations throughout Florida, Georgia, North Carolina, and Tennessee, including, *inter alia*, in Pinellas County within the jurisdiction of this Court.

1

3.      Defendants, THE NIELSEN COMPANY (US), LLC, a Delaware Limited Liability Company, NIELSEN HOLDINGS N.V., a Netherlands Corporation, and XYZ ENTITIES 1-10, have at all times material to this Complaint owned and/or operated a business that, *inter alia*, tracks the television and media-viewing habits of individual homes across the United States while employing non-exempt "Field Representatives" and other employees at locations in different States across the country including in Pinellas County, Florida within the jurisdiction of this Court. It is the intent of this collective action to apply to all similarly situated non-exempt "Field Representatives" of Defendants regardless of location.

4.      Plaintiff's primary job duties as a non-exempt "Field Representative" for Defendants consisted of:  (a) driving to homes and performing manual labor installing, maintaining, and repairing television and computer monitoring equipment; and (b) carrying out ministerial support tasks including making phone calls, e-mails, and related customer or internal computer-work and paperwork.

5.      Defendants, THE NIELSEN COMPANY (US), LLC, NIELSEN HOLDINGS N.V., and XYZ ENTITIES 1-10 comprise or operate one or more divisions, subsidiaries, or affiliated companies and include/are fictitious names for companies, partnerships, joint ventures, corporations, or other entities responsible for the wrongful conduct and labor practices causing harm to the Plaintiff and those similarly situated non-exempt "Field Representatives," as further alleged herein.  The true names and capacities of these XYZ ENTITIES 1-10 are unknown to Plaintiff at this time, but Plaintiff will further amend the Complaint as may be necessary when and if the true names of said defendants become known such that they can be correctly named.

6.      Defendants, directly or indirectly, have acted in the interest of an employer toward Plaintiff and other similarly situated non-exempt "Field Representatives" at all material times,

2

including without limitation directly or indirectly controlling the terms of employment and compensation of Plaintiff and others similarly situated. Alternately, Defendants, and each of their respective divisions, subsidiaries or affiliates, however constituted, were joint employers of Plaintiff and other similarly situated non-exempt "Field Representatives" because each, respective division, subsidiary or affiliate acts directly or indirectly in the interest of the other in relation to such Plaintiff and such similarly situated persons. As a further alternative, Defendants and each of their divisions, subsidiaries or affiliates, however constituted for the location(s) at issue, including, were joint employers of the Plaintiff and the similarly situated non-exempt "Field Representatives" because they commonly controlled the terms of compensation and employment of Plaintiff and others similarly situated, and are not completely disassociated with respect to the terms of compensation and employment of Plaintiff and others similarly situated. As a final alternative, Defendants and each of their divisions, subsidiaries or affiliates, however constituted for the location(s) at issue, directly or indirectly acted in the interest of an employer toward Plaintiff and other similarly situated non-exempt "Field Representatives" at all of Defendants' locations nationwide at all material times, including without limitation directly or indirectly controlling the terms of employment and compensation of Plaintiff and others similarly situated.

7.     This action is brought to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees of this action under the provisions of the FLSA, 29 U.S.C. §216(b).

8.     Jurisdiction is conferred on this Court by 28 U.S.C. §1337 and by 29 U.S.C. §216(b).

9.     At all times material hereto, Defendants have employed two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been

3

moved in or produced for commerce.

10.    Based upon information and belief, the annual gross sales volume of Defendants has been in excess of $500,000.00 per annum at all times material hereto.

11.    At all times material hereto, Defendants have constituted an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §203(s).

12.    The additional persons who may become Plaintiffs in this action are Defendants' current and former non-exempt "Field Representatives" who have worked in excess of Forty (40) hours during one or more work weeks for Defendants at any location nationwide on or after August 2010 and who did not receive their overtime rate of pay for all of their actual overtime hours within such workweeks as a result of Defendants' policy and/or practice of:   (a) deducting the (i) first thirty (30) minutes and (ii) last thirty (30) minutes of "Field Representatives'" daily drive times despite Plaintiff and other "Field Representatives" carrying out duties for Defendants throughout these time periods; and (b) failing to compensate Plaintiff and other "Field Representatives" for work performed for Defendants before the first and/or after the last customer visit of each day, including work frequently performed at "Field Representatives'" homes.

13.    Plaintiff regularly worked in excess of Forty (40) hours per week in multiple work weeks during his employment with Defendants as a non-exempt "Field Representative" within the three (3) year statute of limitations period between approximately August 2010 and May 2013.

14.    Likewise, the other employees similarly situated to Plaintiff have regularly worked in excess of Forty (40) hours in one or more work weeks during their employment with Defendants as non-exempt "Field Representatives" at locations across the United States in one or more work weeks between August 2010 and the present.

4

15.     However, Defendants have not paid time and one-half wages for the full extent of the actual overtime hours worked by Plaintiff and the other similarly situated non-exempt "Field Representatives" nationwide in one or more work weeks between August 2010 and the present as a result of Defendants' policy and/or practice of:   (a) deducting the (i) first thirty (30) minutes and (ii) last thirty (30) minutes of "Field Representatives'" daily drive times despite Plaintiff and other "Field Representatives" carrying out duties for Defendants throughout these time periods; and (b) failing to compensate Plaintiff and other "Field Representatives" for work performed for Defendants before the first and/or after the last customer visit of each day, including work frequently performed at "Field Representatives'" homes.

16.     Based upon information and belief, Defendants have failed to maintain records of the all of the actual start times, stop times, actual hours worked each day, and total hours worked each week by Plaintiff and the other similarly situated "Field Representatives" for each work week between August 2010 and the present.

17.     The complete records, if any, concerning the compensation actually paid to Plaintiff and the other similarly situated non-exempt "Field Representatives" are in the possession and custody of Defendants.

**COUNT I**
**RECOVERY OF OVERTIME COMPENSATION**

18.     Plaintiff readopts and realleges the allegations contained in Paragraphs 1 through 17 above.

19.     Plaintiff is entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess of Forty (40) hours per work week during his employment with Defendants as a non-exempt "Field Representative" within the three (3) year statute of limitations period

5

between August 2010 and May 2013.

20.    All similarly situated non-exempt "Field Representatives" of Defendants are similarly owed their overtime rate for each overtime hour they've worked and were not properly paid in one or more weeks between August 2010 and the present.

21.    Defendants have knowingly and willfully failed to pay Plaintiff and the other non-exempt "Field Representatives" similarly situated to him at time and one-half of their regular rate of pay for all hours worked in excess of Forty (40) per week.

22.    By reason of the said intentional, willful and unlawful acts of Defendants, all Plaintiffs (the named Plaintiff and the non-exempt "Field Representatives" similarly situated to him) have suffered damages plus incurring costs and reasonable attorneys' fees.

23.    As a result of Defendants' willful violations of the Act, all Plaintiffs (the named Plaintiff and the non-exempt "Field Representatives" similarly situated to him) are entitled to liquidated damages.

24.    Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from Defendants.

25.    Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, ANTHONY CONNER, and those similarly situated to him who have or will opt into this action, demand judgment against Defendants, jointly and severally, THE NIELSEN COMPANY (US), LLC, NIELSEN HOLDINGS N.V., and XYZ ENTITIES 1-10, for the payment of all overtime hours at one and one-half their regular rate of pay due them for the hours worked by them for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including prejudgment

6

interest.

Dated: August __19__, 2013                    Respectfully submitted,
        Boca Raton, Florida

_____
Gregg I. Shavitz
Florida Bar No. 11398
E-mail:  gshavitz@shavitzlaw.com
Keith M. Stern
Florida Bar No. 321000
E-mail:  kstern@shavitzlaw.com
SHAVITZ LAW GROUP, P.A.
1515 S. Federal Highway, Suite 404
Boca Raton, Florida  33432
Telephone:  (561) 447-8888
Facsimile:  (561) 447-8831
Attorneys for Plaintiff

## CONSENT TO JOIN FORM

1.      I consent to be a party plaintiff in a lawsuit against Defendant(s),  The Nielsen Company US, LLC   , and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2.      I hereby designate the Shavitz Law Group, P.A. to represent me in bringing such claim, and to make decisions on my behalf concerning the litigation and settlement.  I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

3.      I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.


Signature

ANTHONY W. CONNER
Print Name